IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE JEROME TERRELL,**

    **Plaintiff,**

    v.                                       CASE NO. 25-3003-JWL

**(FNU) MUNK, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, Dale Jerome Terrell, who is currently incarcerated at the Larned State Correctional Facility in Larned, Kansas ("LSCF"), brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. Plaintiff is also ordered to show good cause why his claims against Defendants KDOC, Warden Easley, and Deputy Warden Loomis, and Plaintiff's claims in Counts II and III, should not be dismissed for the reasons stated herein.

**I. Nature of the Matter before the Court**

Plaintiff alleges that on September 30, 2024, officers Cook, Munk, Sweeny, and Nusbaun, executed a double cell extraction on Plaintiff at LSCF. (Doc. 1, at 3, 4.) Plaintiff alleges that they deployed pepper spray then placed Plaintiff in a clinic cell without an eye rinse. *Id*. at 3. Plaintiff alleges that twenty minutes later they executed a second cell extraction on Plaintiff in the clinic. *Id*. In the process of the second extraction, Plaintiff was hit with a shock shield while he was naked laying in water. *Id*. Plaintiff alleges that after Plaintiff was placed in handcuffs, Sgt. Baker struck Plaintiff in the face with his shield, gashing his eye open. *Id*.

As Count I, Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment based on the cell extractions. *Id*. at 4.  As Count II, Plaintiff alleges a due process violation based on the denial of his request for a copy of the incident report and the names of all the officers involved in the extractions under the Kansas Open Records Act, K.S.A. § 45-221. *Id*.  As Count III, Plaintiff alleges a violation of the Kansas Open Records Act, K.S.A. § 45-221, based on the denial. *Id*. at 5.

Plaintiff names as defendants: (fnu) Munk, LSCF Sergeant; (fnu) Sweeny, LSCF Sergeant; (fnu) Cook, LSCF Sergeant; (fnu) Nusbaun, LSCF Sergeant; (fnu) Easley, LSCF Warden; (fnu) Loomis, LSCF Deputy Warden; (fnu) Baker, LSCF Sergeant; and the KDOC.  For relief, Plaintiff seeks $500,000 in compensatory damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the

court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### 1. Count I - Eighth Amendment

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). To establish the objective component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson*, 503 U.S. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Plaintiff must also satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

**2. Counts II and III**

In Counts II and III, Plaintiff alleges violations of the Kansas Open Records Act based on the alleged denial of his request for a copy of the incident report and the names of all officers involved. Plaintiff fails to allege who he requested records from, who denied his request, and whether or not he sought administrative remedies.[1] Plaintiff does not mention a defendant by name in Counts II and III.

Plaintiff's claims in Counts II and III are subject to dismissal for failure to state a claim. Plaintiff should show good cause why these claims should not be dismissed. Furthermore, it is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of

---

[1] Plaintiff leaves blank the section of the Complaint asking whether or not Plaintiff sought informal or formal relief from appropriate administrative officials. *See* Doc. 1, at 6.

5

state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). Plaintiff's Eighth Amendment claim has not survived screening. This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, if Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

### 3. Defendants

Plaintiff does not mention the KDOC, the Warden, or the Deputy Warden, in the body of his Complaint. He does not suggest that the Warden and Deputy Warden were involved in the cell extractions.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff names the KDOC as a defendant. "A party's capacity to sue or be sued in federal court is determined by state law." *Sims v. Kansas Dep't of Corr.*, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) (citation omitted). "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued." *Id*. (citation omitted). "The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued." *Id*. (citing K.S.A. § 75-5203). Furthermore, as an agency of the State, the KDOC has absolute immunity under the Eleventh Amendment to a suit for

money damages. *See McGee v. Corizon,* 831 F. App'x 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983").

Plaintiff's claims against the KDOC are subject to dismissal. Because Plaintiff has neither made a specific claim against the KDOC nor shown any waiver of immunity from suit, he must show good cause why the KDOC should not be dismissed from this action. Plaintiff should also show good cause why his claims against Warden Easley and Deputy Warden Loomis should not be dismissed for failure to allege personal participation.

### IV. Motion for Extension of Time

Plaintiff has filed a Motion for Extension of Time (Doc. 4), seeking an extension of time to submit his initial partial filing fee. The Court received Plaintiff's initial partial filing fee on January 22, 2025. Therefore, Plaintiff's motion seeking an extension of time is denied as moot.

### V. Conclusion

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report. Once the Report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 24, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's claims against Defendants KDOC, Warden Easley, and Deputy Warden Loomis, and Plaintiff's claims in Counts II and III, should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that:

(1) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report by **March 24, 2025.** Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order serving Defendants and setting an answer deadline.

(2) KDOC officials are directed to undertake a review of the subject matter of the Complaint:

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 4) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated January 23, 2025, in Kansas City, Kansas.**

>
> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**