IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE JEROME TERRELL,

    **Plaintiff,**

    v.                                                                     CASE NO. 25-3003-JWL

(FNU) MUNK, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Dale Jerome Terrell, who is currently incarcerated at the Larned State Correctional Facility in Larned, Kansas ("LSCF"), brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On January 23, 2025, the Court entered a Memorandum and Order (Doc. 5) ("M&O) ordering Plaintiff to show good cause why his claims against Defendants KDOC, Warden Easley, and Deputy Warden Loomis, and Plaintiff's claims in Counts II and III, should not be dismissed for the reasons stated in the M&O. The Court also found that that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Kansas Department of Corrections officials and ordered the preparation of a *Martinez* Report.

This matter is before the Court on Plaintiff's motion (Doc. 10) seeking a temporary restraining order and preliminary injunction. Plaintiff seeks to "ensure he is not transferred in retaliation for seeking redress with the Court." (Doc. 10, at 1.) Plaintiff claims that he "has personal knowledge that any prisoner that files suit against prison staff at L.S.C.F. are transferred shortly thereafter in retaliation for exercising their right to access to the court." *Id*. at 1–2. Plaintiff claims that "[w]ithout intervention from the Court [he] believes he will be transferred like those that came before him." *Id*. at 2. Plaintiff claims that a transfer to another prison will

make visitation opportunities more difficult because LSCF is only an hour away from his home town. *Id*. at 3.  Plaintiff also claims that he "has a great likelihood to success on the merits." *Id*.

"The [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Plaintiff has made neither showing.

"Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same." *Vietti v. Welsh & McGough, PLLC*, 2022 WL 1288314, at *2 (N.D. Okla. April 30, 2022) (citing *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order.")).  "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration."  *Id*. (citing Fed. R. Civ. P. 65(b)).  Plaintiff's request does not seek relief of limited duration.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. Plaintiff acknowledges in his motion that he "cannot allege any certain harm that will result in his transfer to another prison." (Doc. 10, at 2.) Furthermore, his belief that he may be transferred is something merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Little*, 607 F.3d at 1251 (citation omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Plaintiff's civil rights action relates to a claim of excessive force at LSCF, and is unrelated to the injunctive relief sought.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).  The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a TRO or preliminary injunction is warranted.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 10) seeking a temporary restraining order and preliminary injunction is **denied.**

**IT IS SO ORDERED**.

**Dated February 19, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**