IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE JEROME TERRELL,**

    **Plaintiff,**

    v.                                     CASE NO. 25-3003-JWL

**(FNU) MUNK, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Dale Jerome Terrell, who is currently incarcerated at the Larned State Correctional Facility in Larned, Kansas ("LSCF"), brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On January 23, 2025, the Court entered a Memorandum and Order (Doc. 5) ("M&O) finding that that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials and ordering the preparation of a *Martinez* Report. The *Martinez* Report (Doc. 14) (the "Report") was filed on April 22, 2025, and the Court received the conventionally-filed exhibits to the Report on May 1, 2025. This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 19), Motion to Amend Complaint (Doc. 20), and Motion for Additional Martinez Report Information on Record (Doc. 21).

Plaintiff seeks a default judgment due to the KDOC's alleged failure to comply with the Court's order for a *Martinez* Report. Plaintiff takes issue with the Report's statement on page 20 of the Report regarding the responses to Plaintiff's grievances. The Report references Exhibit 11 to the Report and states that Plaintiff received the Warden's response on November 18, 2024, but "[f]or some reason the warden's response is not included in this exhibit, but plaintiff was not

1

happy with it and sent his appeal back to the secretary of corrections." (Doc. 14, at 20.)

Plaintiff has not shown that he is entitled to a default judgment based on an exhibit to the Report. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Defendants have not even been served in this case. The Court's M&O provides that "[i]f the Complaint survives screening, the Court will enter a separate order serving Defendants and setting an answer deadline." (Doc. 5, at 9.) Any request for a default judgment is premature and therefore denied.

Plaintiff has also filed a Motion to Amend Complaint (Doc. 20). Plaintiff states that he needs to correct an error in his Complaint and seeks to dismiss all claims against Jeremy Baker, a Correctional Officer at LSCF. (Doc. 20, at 1.) Plaintiff suggests that he mistakenly thought Baker was involved in the incident because "[a]ll officer[s] had helmets and facial mask[s] so they look alike." *Id*. Plaintiff alleges that when he received the Report, along with the incident report, he was able to gain insight on which officers were involved. *Id*. at 3. Plaintiff asks the Court to amend his complaint to add defendants David Younger, Moshe Goldman, David Tudor, Andrew Munk, and Kenneth Swinney.

Munk and "Sweeny" are already named as defendant. The Court will direct the Clerk to update the docket to reflect the defendant's names as Andrew Munk and Kenneth Swinney. The Report shows that the second use of force involved CO1s David Younger and Moshe Goldman, COII David Tudor, and Correction Supervisor Is Andrew Munk and Kenneth Swinney. The Court will allow Plaintiff to supplement the Complaint by adding David Younger, Moshe Goldman, and David Tudor as defendants. The Court will also grant Plaintiff's request to dismiss his claims against Jeremy Baker.

Plaintiff has also filed a Motion for Additional Martinez Report Information on Record (Doc. 21). Plaintiff again points to page 20 of the Report that references an exhibit that was incomplete. (Doc. 21, at 1.) Plaintiff also seeks to have the Report supplemented to provide this additional information along with affidavits from David Younger, Moshe Goldman, and David Tudor. *Id*. The Court will grant the motion to the extent that the Court will grant the KDOC an opportunity to supplement the Report with the requested information.

The Court's M&O provides that "[o]nce the Report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A." (Doc. 5, at 8) The M&O also provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared" and "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint." *Id*. at 10. Therefore, Plaintiff should refrain from filing any further pleadings until the Court has reviewed the Report, including any supplement that may be filed, and entered an appropriate order after screening Plaintiff's Amended Complaint at Doc. 9.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 19) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 20) is **granted** to the extent that the Court will allow Plaintiff to add David Younger, Moshe Goldman, David Tudor, as defendants. The Court also directs the Clerk to update the docket to reflect the defendant's names as Andrew Munk and Kenneth Swinney.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Jeremy Baker are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Martinez Report Information on Record (Doc. 21) is **granted** to the extent that the Court will grant the KDOC until **June 2, 2025,** to either supplement the Report with the information requested by Plaintiff or to notify the Court as to why such information is either unavailable or irrelevant.

**IT IS SO ORDERED**.

**Dated May 6, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**